UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NATHAN ROWAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**US DEALER SERVICES, INC.**, a New Jersey corporation,<br><br>Defendant. | Case no.<br><br>**CLASS ACTION**<br><br>**JURY DEMAND** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nathan Rowan ("Plaintiff" or "Plaintiff Rowan") brings this Class Action Complaint and Demand for Jury Trial against Defendant US Dealer Services, Inc. ("US Dealer Services"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited calls to consumers who registered their phone numbers on the National Do Not Call Registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Rowan is an East Rochester, New York resident.

2. Defendant US Dealer Services is a New Jersey incorporated corporation headquartered in Van Nuys, California. US Dealer Services conducts business throughout this District and the United States.

### JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA.

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated in this District and does business in this District.

## TELEMARKETING INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry provides for consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the DNC "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in March 2021 alone, at a rate of 159.4 million per day. www.robocallindex.com (last visited April 20, 2021).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## INTRODUCTION TO US DEALER SERVICES

16. US Dealer Services sells extended car warranty plans to consumers.[3]

17. US Dealer Services engages in telemarketing in order to solicit the sales of extended car warranty plans.

18. These calls are being placed to consumers, like Plaintiff, who (1) registered their telephone numbers with the DNC, (2) do not have an existing business relationship with the Defendant, (3) did not provide prior express written consent to be called.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] http://www.usdealerservices.com/index.php/about

19. The US Dealer Services Better Business Bureau ("BBB") page is filled with complaints from consumers about unsolicited calls from US Dealer Services, including complaints from people who have registered their phone numbers with the DNC. This is a small sample of those BBB complaints:

08/07/2020

I have called to be removed from their calling list 7 times. The harassing calls continue to occur every 2 days. After asking to be removed from the calling list and being told that I have been I keep receiving calls for a non existent warranty. Both of my vehicles are fully covered through dealership warranties and will not be expiring any time soon.

**Desired Outcome**
I would like to not be contacted by this company again.

[4]

07/30/2020

I receive multiple calls from this company weekly after asking many times to be removed from the **** calling. This company is wasting my valuable time by **** calling me multiple times a week. They appear to contract with a foreign company because the person who you get connected to at first speaks poor English. I originally tried pressing the number to be removed from their list. That didn't work. I tried getting them on the line and asking them to remove my number and that didn't work. When asked who they are, I would get hung up on. I finally gave them the information they asked for about one of my cars. The foreign person transferred me to the US where the English speaking woman gave me the cost to extend my warranty on my car. I asked who the service was through and she told me US Dealer Services. After she went through the warranty details and gave me the cost to purchase, she asked me what payment method I would prefer. I politely said I did not care for the warranty that I went through this just to find out the name of the company which I plan to take to take to an attorney to investigate filing a class action law suit for **** calls and failure to remove my number and many others from their call list. She quickly hung up. Remove my number from your **** calling.

[5]

07/23/2020

I am on the do not call list but they still call. I never did business with them and have asked to be removed from there list. but they still call. stop the spam calls, your breaking the law!!!

**Desired Outcome**
follow the law and stop calling

[6]

---

[4] https://www.bbb.org/us/ca/van-nuys/profile/auto-service-contract-companies/us-dealer-services-inc-1216-358292/complaints
[5] *Id.*
[6] *Id.*

4

> 07/21/2020
>
> <u>I'm on do not call list.</u> ***** at <u>US Dealer Services trued to sell me auto warranty.</u> Said co was based in NJ. He hung up when asked for info on co. Incessant calls for extended auto warranty. Not legit. Call came fro XXX-XXX-XXXX. Would not let me verify he was with company or ask to be removed from list as he hung when I started asking questions to verify he was with company.
>
> **Desired Outcome**
> Modify US Dealer Services, Inc.'s A+ rating. Company is uses ILLEGAL telemarketing practices.[7]

## PLAINTIFF ROWAN'S ALLEGATIONS

20. Plaintiff Rowan registered his phone number with the DNC on June 4, 2005.

21. Plaintiff Rowan uses his phone number for personal use only. It is not associated with a business.

22. On January 12, 2021 at 7:06 PM, Plaintiff Rowan received an unsolicited call to his phone from Defendant US Dealer Services, from phone number 218-865-8516.

23. When Plaintiff answered this call, he heard dead air until the call disconnected automatically.

24. 218-865-8516 appears to be a spoofed number.

25. On January 15, 2021 at 2:49 PM Plaintiff Rowan received another call to his cell phone from US Dealer Services, from phone number 218-865-8517.

26. This call was not answered, and no voicemail was left.

27. 218-865-8517 appears to be a spoofed number.

28. On January 19, 2021 at 12:16 PM Plaintiff Rowan received another call to his phone from US Dealer Services, from phone number 218-865-8518.

29. This call was not answered, and no voicemail was left.

30. 218-865-8518 appears to be a spoofed number.

---

[7] *Id.*

31. On January 20, 2021 at 2:48 PM Plaintiff Rowan received another call to his phone from US Dealer Services, from phone number 218-865-8517.

32. This call was not answered, and no voicemail was left.

33. On January 21, 2021 at 6:18 PM, Plaintiff Rowan received another unsolicited call from US Dealer Services, from phone number 218-865-8517.

34. Plaintiff answered this call and heard a loud "bloop" sound before a live employee came on the line.

35. During the solicitation call, the employee identified himself as "Andrew Hermann".

36. Hermann marketed an extended car warranty plan to Plaintiff.

37. In order to determine the identity of the company repeatedly telemarketing to him, Plaintiff Rowan played along and agreed to purchase the extended car warranty plan.

38. Plaintiff was transferred to an employee named "Rob" who verified the details of the warranty plan and processed Plaintiff's payment information.

39. Shortly after purchasing the warranty plan, Plaintiff received an email from pomdriving.com showing that US Dealer Services sold the plan to Plaintiff Rowan:

I am happy to answer any questions and I am looking forward to your call.

**Andrew Hermann**
800-501-3314
Vehicle

Plan Cost
$ Deposit: 74.00
Monthly Payment: 74.00
Please call me when you receive your paperwork so that I can answer any questions you may have.

Click Here to View Terms and Conditions
US Dealer Services Inc. | 6837 Hayvenhurst Ave Van Nuys, CA 91406 | 800-501-3314

6

40. When Plaintiff received the warranty paperwork in the mail, US Dealer Services was clearly shown as the seller of the plan:



41. In addition, US Dealer Services is listed as the payee on Plaintiff's bank account for this transaction.



42. Plaintiff Rowan never consented to receiving solicitation calls from Defendant US Dealer Services.

7

43. Plaintiff was not looking an extended car warranty.

44. The unauthorized telephone calls made by Defendant, as alleged herein, have harmed Plaintiff Rowan in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone.

45. Seeking redress for these injuries, Plaintiff Rowan, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited telemarketing calls to phone numbers that are registered with the DNC.

## CLASS ALLEGATIONS
### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

46. Plaintiff Rowan brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for the same purpose Defendant called Plaintiff.

47. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Rowan anticipates the need to amend the Class definitions following appropriate discovery.

48. **Numerosity**: On information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

49. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Rowan and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. whether Defendant US Dealer Services placed multiple solicitation calls to Plaintiff and members of the Do Not Call Registry class;

   b. whether US Dealer Services made those calls without prior express written consent; and

   c. whether Defendant's conduct was willful or knowing, entitling the class to treble damages.

50. **Adequate Representation**: Plaintiff Rowan will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rowan has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Rowan and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rowan nor his counsel have any interests adverse to the Class.

51. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and

Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of the Plaintiff and the Do Not Registry Class)**

52. Plaintiff Rowan repeats and realleges paragraphs 1 through 51 of this Complaint and incorporates them by reference.

53. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

54. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

57. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

58. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rowan, individually and on behalf of the Class, pray for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Rowan as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rowan requests a jury trial.

        Respectfully Submitted,

        **NATHAN ROWAN**, individually and on behalf of all others similarly situated

Dated: April 21, 2021

/s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorney for the Plaintiff and the putative Class*