# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NATHAN ROWAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**US DEALER SERVICES, INC.**,<br><br>*Defendant*. | No. 2:21-cv-09945-KM-LDW<br><br><br>Motion Day: January 18, 2022 |

# PLAINTIFF'S RESPONSE IN OPPOSITION TO
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Cases**

*Cubbage v. Talbots, Inc.*, No. C09-911BHS, 2010 U.S. Dist. LEXIS 68076 (W.D. Wash. July 7, 2010) ..................................................................................................6

*Elkins v. Medco Health Sols., Inc.*, No. 4:12CV2141 TIA, 2014 U.S. Dist. LEXIS 57633 (E.D. Mo. Apr. 25, 2014) ..................................................................................5

*Grodberg v. Hendricks Auto. Grp.*, No. 07-6091-CV-W-SOW, 2009 U.S. Dist. LEXIS 151771 (W.D. Mo. Sep. 30, 2009) ..........................................................................6

*Gustafson v. Alloyd Co.*, 115 S. Ct. 1061 (1995) ..........................................................2

*Hamilton v. Spurling*, No. 3:11cv00102, 2013 U.S. Dist. LEXIS 38585 (S.D. Ohio Mar. 20, 2013) ..............................................................................................5

*Holcombe v. DirecTV, LLC*, 215 F. Supp. 3d 1346 (N.D. Ga. 2016) ........................4

*Hovila v. Tween Brands, Inc.*, No. C09-0491RSL, 2010 U.S. Dist. LEXIS 34861 (W.D. Wash. Apr. 7, 2010) ..................................................................................6

*LaGuardia v. Designer Brands Inc.*, No. 2:20-cv-2311, 2021 U.S. Dist. LEXIS 170704 (S.D. Ohio Sep. 9, 2021) ..................................................................................6

*Martin v. Comcast Corp.*, No. 12 C 6421, 2013 U.S. Dist. LEXIS 169221 (N.D. Ill. Nov. 26, 2013) ..............................................................................................5

*Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046 (D. Or. 2014) ....................4

*Shupe v. JPMorgan Chase Bank of Ariz.*, No. CV 11-00501-TUC-RCC (BPV), 2012 U.S. Dist. LEXIS 54756 (D. Ariz. Mar. 14, 2012) ......................................5

*Thomas-Lawson v. Koons Ford of Balt., Inc.*, No. SAG-19-3031, 2020 U.S. Dist. LEXIS 59517 (D. Md. Apr. 6, 2020) ........................................................4

*Zelma v. Conway*, No. 2:12-cv-00256 (DMC) (JBC), 2013 U.S. Dist. LEXIS 175668 (D.N.J. Dec. 11, 2013) ..................................................................................5

**Other Authorities**

H.R. Rep. No. 102-317 ........................................................................................3

**Regulations**

47 C.F.R. § 64.1200 ........................................................................................2, 6

The Court should deny Defendant US Dealer Services' summary judgment motion based on the "established business relationship" exception because the exception does not apply in circumstances like this one, where the parties' "relationship has … been previously terminated." The Court should also deny Defendant's motion because Defendant fails to establish all of the elements required to rely on the "established business relationship" exception, including specifically that it has implemented sufficient policies and procedures for maintaining an internal do not call list.

***

While the facts are not in dispute, Defendant's entire summary judgment argument is predicated on the misconception that, as a matter of law, an "established business relationship" under the TCPA (as defined in the FCC's regulations) can be terminated only by means of a consumer's "seller-specific do-not-call request." Defendant is wrong.

Although a "seller-specific do-not-call request" is sufficient for terminating an "established business relationship," it is not necessary. In defining the term "established business relationship," the FCC's regulations' plain language provides that an "established business relationship" cannot exist if the "relationship" on which it is based "has … been previously terminated by either party." Here is the FCC's definition:

1

> The term *established business relationship* for purposes of telephone solicitations means a prior or existing <u>relationship</u> formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call, <u>which relationship has not been previously terminated by either party</u>.

47 C.F.R. § 64.1200(f)(5) (underlining added).

It is illogical and contrary to clear cannons of construction, including those requiring the Court to give effect to every word and to avoid redundancy, *see, e.g., Gustafson v. Alloyd Co.*, 115 S. Ct. 1061, 1069 (1995) ("the Court will avoid a reading which renders some words altogether redundant"), to conclude that under the FCC's regulations a "seller-specific do-not-call request" is necessary to terminate an "established business relationship."  Companies, like Defendant, cannot make "seller-specific do-not-call request[s]" to consumers, like Plaintiff.

This logical conclusion is confirmed in the FCC's definition of "established business relationship," which expressly limits the right to terminate an "established business relationship" by means of a "seller-specific do-not-call request" to consumers like Plaintiff as opposed to companies like Defendant. 47 C.F.R. § 64.1200(f)(5)(i) ("The <u>subscriber's</u> seller-specific do-not-call request … terminates an established business relationship for purposes of telemarketing and telephone solicitation …." (underlining added)).  Notably, under the FCC's regulations, this

2

termination is effective "even if the subscriber continues to do business with the seller" – i.e., even if the underlying "relationship" on which the "established business relationship" was based continues. *Id*.

To give effect to the FCC's regulations' plain language and avoid redundancy, there must therefore be other ways that the "relationship" on which an "established business relationship" is based can be "terminated by either party." In the context of a "relationship formed … on the basis of the subscriber's purchase or transaction," the most obvious means by which both consumers like Plaintiff and companies like Defendant could "terminate" the "relationship" would be by canceling the purchase or transaction. That is precisely what occurred between Plaintiff and Defendant here; the parties formed a relationship based on Plaintiff's purchase of an extended car warranty policy and then Plaintiff terminated the relationship by canceling the policy. *See* Defendant's SOF at ¶¶ 1-2.

Under these circumstances, based on a plain reading the FCC's regulations, the only conclusion is that there was no "established business relationship" between Plaintiff and Defendant when Defendant called Plaintiff five times, five months later to sell him a new extended auto warranty policy. *See* Defendant's SOF at ¶¶ 5-6. And this conclusion is consistent with Congress's reasoning in mandating the exception – i.e., so that companies can be allowed "to communicate by telephone with their existing customers," *see* H.R. Rep. No. 102-317 at 13-24.

3

None of the authorities Defendant cites in its motion suggest that a seller-specific do-not-call request is necessary, as opposed to sufficient, for terminating an "established business relationship" or that an "established business relationship" cannot be terminated by terminating the underlying "relationship" between the parties.[1] *See, e.g., Thomas-Lawson v. Koons Ford of Balt., Inc.*, No. SAG-19-3031, 2020 U.S. Dist. LEXIS 59517, at *13 (D. Md. Apr. 6, 2020) ("The allegations on the face of the Complaint demonstrate the … most recent transaction occurred only five months ago. The Complaint does not allege that Plaintiff and Koons lacked an established business relationship …."); *Holcombe v. DirecTV, LLC*, 215 F. Supp. 3d 1346, 1349-50 (N.D. Ga. 2016) ("[I]n 1992 the Federal Communications Commission (FCC) defined the TCPA's 'established business relationship' as only applying when the 'relationship has not been previously terminated by either party.' 47 C.F.R. § 64.1200(f)(5). Because it is alleged that Plaintiff terminated its relationship with DirecTV, it is likely that Defendants' calls to Plaintiff would constitute 'telephone solicitations' under the TCPA based upon the termination of the business relationship exemption."); *Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1066 (D. Or. 2014) ("a company specific do-not-call request … terminates any established business relationship"); *Martin v.*

---

[1] The cases Defendant cites concerning the effect of revocation of a contract on consent are inapplicable because the FCC's regulations do not provide that consent can be terminated by terminating the relationship between the parties as they do with regard to the "established business relationship exception."

4

*Comcast Corp.*, No. 12 C 6421, 2013 U.S. Dist. LEXIS 169221, at *17-19 (N.D. Ill. Nov. 26, 2013) (requiring discovery to determine the "reasonableness" of the number of days it took for the defendant to stop calling the plaintiff after the plaintiff <u>both</u> terminated defendant's services and made a seller-specific do-not-call request); *Shupe v. JPMorgan Chase Bank of Ariz.*, No. CV 11-00501-TUC-RCC (BPV), 2012 U.S. Dist. LEXIS 54756, at *14-15 (D. Ariz. Mar. 14, 2012) ("Second, for purposes of the TCPA, the FCC's definition of 'termination' of an existing business relationship <u>does not necessarily require</u> the complete termination of all contractual relationships between the parties." (underlining added)); *Elkins v. Medco Health Sols., Inc.*, No. 4:12CV2141 TIA, 2014 U.S. Dist. LEXIS 57633, at *22 (E.D. Mo. Apr. 25, 2014) ("'[A]n EBR may be terminated by the recipient's request to terminate future communications.'"); *Zelma v. Conway*, No. 2:12-cv-00256 (DMC) (JBC), 2013 U.S. Dist. LEXIS 175668, at *6 (D.N.J. Dec. 11, 2013) ("In addition, the Court finds that Plaintiff's notation of 'Do Not Call' on forms provided by SkyMiles in no way severed his business relationship with Prevention Magazine."); *Hamilton v. Spurling*, No. 3:11cv00102, 2013 U.S. Dist. LEXIS 38585, at *35 (S.D. Ohio Mar. 20, 2013) ("Having already determined neither Mr. nor Mrs. Hamilton ever informed Ms. Bagley of the fact their phone number was on the National Do Not Call Registry, or otherwise terminated any type of business relationship with Chiropractic Therapy West, Ms. Bagley's second, third, and fourth phone calls did not constitute 'telephone solicitations' under the TCPA

5

Regulations."); *Cubbage v. Talbots, Inc.*, No. C09-911BHS, 2010 U.S. Dist. LEXIS 68076, at *8 (W.D. Wash. July 7, 2010) ("In this case, Mitchell purchased at least one product at a Talbots store within the eighteen months prior to April of 2009, the date of the call."); *Hovila v. Tween Brands, Inc.*, No. C09-0491RSL, 2010 U.S. Dist. LEXIS 34861, at *14 (W.D. Wash. Apr. 7, 2010) ("The calls to plaintiff from defendant did not begin until after plaintiff purchased merchandise at one of defendant's retail locations, and they occurred within 18 months following plaintiff's last purchase at one of defendant's retail stores. There is no evidence that plaintiff terminated his relationship with defendant."); *Grodberg v. Hendricks Auto. Grp.*, No. 07-6091-CV-W-SOW, 2009 U.S. Dist. LEXIS 151771, at *15 (W.D. Mo. Sep. 30, 2009) ("all calls made by defendants were made within an 18 month time period following the February 2007 payment").

And while the inapplicability of the "established business relationship" exception as a matter of law is the most obvious basis for denying Defendant's motion, Defendant has also failed to establish that *if* the exception applied, *then* it would be entitled to rely on it as a matter of fact. Companies like Defendant cannot rely on an "established business relationship" exception unless they satisfy the requirements of 47 C.F.R.§ 64.1200(d). *LaGuardia v. Designer Brands Inc.*, No. 2:20-cv-2311, 2021 U.S. Dist. LEXIS 170704, at *25-26 (S.D. Ohio Sep. 9, 2021). Section 64.1200(d) requires companies to implement the following minimum telemarketing policies and procedures:

6

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or

any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

Defendant has failed to proffer summary judgment evidence regarding any of these requirements. *See* Defendant's SOF at ¶¶ 1-10. This is an independently sufficient basis for denying Defendant's motion.

***

Defendant's summary judgment motion fails as a matter of law and fact, and should therefore be denied.

Respectfully Submitted,

Dated: January 4, 2022

*/s/ Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

8

        Avi R. Kaufman (*Pro Hac Vice*)
        kaufman@kaufmanpa.com
        KAUFMAN P.A.
        400 NW 26th Street
        Miami, FL 33127
        Telephone: (305) 469-5881

        *Attorneys for Plaintiff and all others similarly situated*

## **CERTIFICATE OF SERVICE**

I, hereby certify that on January 4, 2022, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record.

*/s/ Stefan Coleman*